IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| ALEXANDER LUND, Individually<br>Plaintiff, | )<br>)<br>) | CASE NO. _____ |
| vs. | )<br>)<br>) | COMPLAINT |
| MICHAEL MATTHEWS, M.D., SIDNEY<br>MEDICAL ASSOCIATES, CHEYENNE<br>COUNTY HOSPITAL ASSOCIATION, INC.,<br>d/b/a SIDNEY REGIONAL MEDICAL CENTER,<br>AND formally d/b/a MEMORIAL HEALTH<br>CENTER,<br>Defendants. | )<br>)<br>)<br>)<br>)<br>) | (Medical Malpractice and<br>Request for Trial by Jury) |

The Plaintiff for his respective causes of action against the above-named Defendants, state as follows:

## PRELIMINARY STATEMENT

1. This is a civil action in which the Plaintiff seeks to recover damages resulting from injuries suffered while Alexander Lund and Cathleen Lund were patients under the care of Michael Matthews M.D. at Memorial Health Center, Sidney, Cheyenne County, Nebraska, on or about January 9-10, 1994.

## JURISDICTIONAL AND FACTUAL ALLEGATIONS

2. Plaintiff Alexander Lund was born on in the early hours of the 10th day of January 1994. Mr. Lund is a resident of Pine Bluffs, Laramie County, Wyoming.

3. At all times relevant herein, Defendant MICHEAL MATTHEWS, M.D. (hereinafter "Dr. Matthews") was a physician practicing medicine in Sidney, Cheyenne County, Nebraska, and held himself out to be a skilled and competent physician, and capable of rendering proper and appropriate care and treatment for a mother and her baby in the prenatal period, as well as during labor and delivery.

4. At all times relevant herein, Defendant SIDNEY MEDICAL ASSOCIATES (hereinafter "SMA") was a professional corporation specializing in health care and treatment. SMA is located at 1625 Dorwart Drive, Sidney, Cheyenne County, Nebraska. SMA provides health care goods and services through its agents, and employees, or

partners, including Defendant Dr. Matthews. SMA is vicariously liable for the negligence of its employees, agents, and officers, including, but not limited to, Defendant Dr. Matthews.

5. Defendant, Dr. Matthews was an employee, agent and/or officer of Defendant Sidney Medical Associates on January 9-10, 1994.

6. At all times relevant herein, Defendant CHEYENNE COUNTY HOSPITAL ASSOCIATION, INC., d/b/a SIDNEY REGIONAL MEDICAL CENTER, formerly d/b/a MEMORIAL HEALTH CENTER, (hereinafter "MHC"), located at 645 Osage Street, Sidney, Nebraska, was engaged in the business of providing hospital and nursing services to members of the general public, including but not limited to Cathleen Lund and Plaintiff Alexander Lund. MHC held itself out as a hospital capable of rendering proper and appropriate care for a mother and her baby during labor and delivery and to the infant during the newborn period, including providing quality health care in a safe and timely manner.

7. At all times relevant herein, the agents, servants, and employees of MHC were acting in the course and scope of their employment or other business relationship with MHC and MHC is vicariously liable for all their negligent acts and/or omissions.

8. This Court has jurisdiction under 28. U.S.C. S 1332 as Mr. Lund is a citizen and resident of the State of Wyoming, and the Defendants, and each of them, are citizens and residents of the State of Nebraska, and the amount in controversy exceeds $75,000 exclusive of interest and costs.

9. Venue lies in this Court as the negligent acts and omissions complained of occurred in Sidney, Cheyenne County, Nebraska.

**UNCONSTITUTIONALITY OF THE ACT/WAIVER OF REVIEW PANEL**

10. Plaintiffs believe that Defendants failed to qualify as healthcare providers under the terms and provisions of the Nebraska Hospital-Medical Liability Act, §44-2801 et. seq. R.R.S. 1943, as amended and were not qualified on the date the Plaintiff suffered his injuries and damages. Notwithstanding the status of filing by the Defendants for the special benefits, privileges and protection of such act, Plaintiffs allege that such act is unconstitutional in whole or in part because it violates §A of the 14th Amendment of the Constitution of the United States, together with Article 1, §§1, 3, 13, 16, and 25 and Article 3, §18 of the Constitution of the State of Nebraska.

11. The Plaintiffs hereby affirmatively waive their right for a medical review panel to review their claims herein against the Defendants as provided by the Nebraska Hospital-Medical Liability Act and elect to file this action directly in the United States District Court for the District of Nebraska.

12. A copy of this Complaint is hereby served upon the director of the Nebraska Department of Insurance, together with a copy upon the Attorney General of the State of Nebraska.

## GENERAL ALLEGATIONS

13. During the 9th day of January 1994, Cathleen Lund, age 33, was admitted to the Defendant MHC for care, treatment, and management of the labor and delivery of her son, Alexander Lund.

14. Cathleen Lund undertook care and treatment for this pregnancy with the Defendant Dr. Matthews, SMA and MHC, and each of them, pursuant to their representations and advertising competency in managing obstetrical patients.

15. Cathleen Lund and her unborn baby, Plaintiff Alexander Lund, were under the care and treatment of the Defendants, and each of them, by virtue of their respective healthcare provider-patient relationships.

16. The Defendants, and each of them, had a duty to Cathleen Lund and to the Plaintiff Alexander Lund to act as reasonable and prudent health care professionals pursuant to their healthcare provider-patient relationship.

17. The Defendants, and each of them, failed to appropriately manage the prenatal care, and the labor and delivery of Plaintiff Alexander Lund, causing injury and damage to him.

18. Plaintiff Alexander Lund was traumatized and injured, suffering permanent injuries, including but not limited to, permanent brachial plexus injury, cervical and spinal injuries, and other birth trauma. The Plaintiff seeks all damages allowed by law due to the negligent management and reckless delivery, prenatal and newborn care of these Defendants involved in this care.

## COUNT I
## NEGLIGENCE – MICHAEL MATTHEWS, M.D.

19. Plaintiffs hereby incorporate by reference as though fully set forth herein each and every allegation of this Complaint.

20. Michael Matthews, M.D. held himself out to the public, and to the Plaintiff's mother in particular, as competent and qualified in the field of obstetrics, pregnancy and delivery and capable of managing the complications of pregnancy, labor and delivery.

21. Dr. Matthews undertook and rendered medical care to the Plaintiff and his mother, and participated in and directed the management of the prenatal care, labor and delivery of Alexander Lund before, on, and after January 9-10, 1994, and had a duty to act as a reasonable, prudent physician in caring for Cathleen Lund and her son, Plaintiff Alexander Lund.

22. Defendant Dr. Matthews was negligent and deviated from the acceptable standard of care in his consultation, care, management and treatment of Cathleen Lund and the Plaintiff, Alexander Lund. Said negligence includes, but is not limited to, the following particulars:

   a. Failing to adequately monitor and manage the prenatal care, labor and delivery of Alexander Lund;
   b. Failing to perform appropriate procedures for relieving shoulder dystocia;
   c. Performing inappropriate, contraindicated, and dangerous maneuvers in an attempt to relieve a shoulder dystocia, including but not limited to fundal pressure and excessive traction;
   d. Failing to obtain and direct appropriate medical personnel capable of managing a shoulder dystocia;
   e. Failing to timely perform a cesarean section in a situation that indicated a need for a cesarean section;
   f. Using excessive force to accomplish the delivery, thereby causing permanent injuries;
   and was otherwise negligent in the management of the labor and delivery of Alexander Lund.

23. The negligence of Defendant Dr. Matthews was a direct and proximate cause of the personal injuries and resulting damages of the Plaintiff Alexander Lund.

4

24. As a direct and proximate result of the negligence of the Defendant, Dr. Matthews, as set forth above, Plaintiff Alexander Lund was severely injured and sustained a permanent brachial plexus nerve palsy and other damages.

25. As a direct and proximate result of said negligence, Plaintiff Alexander Lund has suffered damages, including, but not limited to: physical and mental pain and suffering; has and will continue to endure loss of enjoyment of life; and has and will continue to sustain hospital, medical and surgical expenses, loss of earning capacity and other expenses. The full nature and extent of all future injuries are not now known to the Plaintiff.

## COUNT II.
## INFORMED CONSENT – MICHAEL MATTHEWS, M.D.

26. Plaintiffs hereby incorporate by reference as though fully set forth herein each and every allegation of this Complaint.

27. Defendant, Dr. Matthews, managed the pregnancy, labor and delivery of Cathleen Lund and the Plaintiff Alexander Lund, without adequately imparting the information which would routinely be provided under similar circumstances including, but not limited to, offering cesarean section, and the inherent risks, benefits, indications for and alternative procedures available for relieving shoulder dystocia. Defendants utilized procedures in attempting to deliver the infant Alexander Lund without adequately explaining such procedures to Cathleen Lund, without communicating any of the risks of, or alternatives to such procedures, and without obtaining informed consent of Cathleen Lund.

28. As a direct and proximate result of the Defendants' failure to obtain informed consent, the baby, Plaintiff Alexander Lund, was severely injured and sustained permanent damage.

29. As a direct and proximate result of Defendant Dr. Matthews' failure to obtain consent and informed consent, Plaintiff Alexander Lund was injured, and has endured and will continue to endure physical and mental pain and suffering; has endured and will continue to endure loss of enjoyment of life; and has sustained and will continue to sustain hospital, medical, surgical, loss of earning capacity and other expenses. The full nature and extent of all future injuries to Plaintiff are not now known.

## COUNT III
## NEGLIGENCE –SIDNEY MEDICAL ASSOCIATES

30. Plaintiffs hereby incorporate by reference as though fully set forth herein each and every allegation of this Complaint.

31. Defendant Sidney Medical Associates held itself out to the public and to the Plaintiff's mother in particular, as a corporation specializing in health care services capable of rendering proper and appropriate care to a mother and her baby during pregnancy, labor and delivery.

32. Defendant Dr. Matthews was, at all times relevant herein, an employee of SMA and acting on behalf of and in the course and scope of his employment with SMA.

33. SMA, by and through its agents and employees, undertook and rendered care to Cathleen Lund and her baby during her pregnancy, and participated in the management of her labor and the delivery of Plaintiff Alexander Lund on and after January 9-10, 1994 at MHC.

34. It was therefore the duty of SMA, by and through its duly authorized agents and employees, to diagnose and treat Plaintiff's mother, Cathleen Lund and Plaintiff Alexander Lund, in accordance with the accepted standards of prevailing medical practice.

35. Defendant SMA was negligent and deviated from the acceptable standard of care in its care and treatment of the Plaintiff's mother, Cathleen Lund and Plaintiff Alexander Lund. Said negligence includes, but is not limited to, the following:

  a. Failing to adequately monitor and manage the prenatal care, labor and delivery of Alexander Lund;
  b. Failing to perform appropriate procedures for relieving shoulder dystocia;
  c. Performing inappropriate, contraindicated, and dangerous maneuvers in an attempt to relieve a shoulder dystocia, including but not limited to fundal pressure and excessive traction;
  d. Failing to obtain and direct appropriate medical personnel capable of managing a shoulder dystocia;
  e. Failing to timely perform a cesarean section in a situation that indicated a need for a cesarean section;
  f. Using excessive force to accomplish the delivery, thereby causing injuries;
  g. Failing to adequately train, supervise and monitor its employees, including Michael Mathews, M.D.,

and was otherwise negligent in the management of the labor and delivery of Alexander Lund.

36. The negligence of Defendant SMA was a direct and proximate cause of the personal injuries and resulting damages of the Plaintiff.

37. As a result of the aforementioned negligence of Defendant SMA, the baby, Plaintiff Alexander Lund, was severely injured and sustained permanent damage.

38. As a direct and proximate result of Defendants' negligence, Plaintiff Alexander Lund was injured, and has endured and will continue to endure physical and mental pain and suffering; has endured and will continue to endure loss of enjoyment of life; and has sustained and will continue to sustain hospital, medical, surgical, loss of earning capacity and other expenses. The full nature and extent of all future injuries to the Plaintiff are not now known.

## COUNT IV
## NEGLIGENCE - CHEYENNE COUNTY HOSPITAL ASSOCIATION, INC., d/b/a SIDNEY REGIONAL MEDICAL CENTER, AND formally d/b/a MEMORIAL HEALTH CENTER

39. Plaintiffs hereby incorporate by reference as though fully set forth herein each and every allegation of this Complaint.

40. At all times relevant herein, Defendant Cheyenne County Hospital Association, Inc., d/b/a Sidney Regional Medical Center, and formally d/b/a Memorial Health Center, was engaged in the business of offering hospital facilities and services in Sidney, Cheyenne County, Nebraska.

41. MHC held itself out to the public and to the Plaintiff's mother in particular as a full-service hospital capable of rendering appropriate caregivers to a mother and her baby during pregnancy, labor, and delivery and to the infant during the immediate newborn period.

42. Plaintiff's mother relied on MHC to provide appropriate care, and reasonably believed that care provided at the Defendant MHC facility was provided by employees and/or agents of MHC.

43. MHC had a duty to ensure the provision of reasonable care to its obstetrical patients by supervising the quality of care and competence of its nursing staff, and by


enacting and enforcing appropriate guidelines, and by establishing criteria for the credentialing and/or reappointment of its medical staff, including but not limited to physicians.

44.     At all times relevant herein, Defendant Dr. Matthews was engaged in the practice of his profession at Defendant MHC facility, and with the consent of MHC.

45.     MHC, including its agents and caregivers, was negligent and deviated from the acceptable standard of care in its treatment of Cathleen Lund and Plaintiff, Alexander Lund.  Said negligence includes, but is not limited to, the following particulars:

   a.   Mismanagement of the pregnancy, labor, delivery and newborn care;

   b.   Failure to follow appropriate and safe medical procedures to relieve the Plaintiffs' shoulder dystocia;

   c.   Failure to educate its staff and nursing professionals as to the nationally recognized appropriate and safe maneuvers to utilize in order to safely relieve a shoulder dystocia.

   d.   Performed inappropriate, contraindicated, and dangerous maneuvers in an attempt to relieve a shoulder dystocia, including but not limited to fundal pressure and excessive traction;

   e.   Negligently trained its staff and nursing professionals to perform inappropriate, contraindicated and dangerous maneuvers in the face of shoulder dystocia;

   f.   Failure to intervene to promote a safe delivery.

And was otherwise negligent in the management of the labor and delivery of Alexander Lund.

46.     All of the employees and agents of MHC acted for and under the supervision, direction and control of MHC.

47.     The negligence of MHC was a direct and proximate cause of the personal injuries and resulting damage of the Plaintiff, Alexander Lund.

48.     As a result of the aforementioned negligence of Defendant MHC, the baby, Plaintiff Alexander Lund, was severely injured and sustained permanent damage.

49.     As a direct and proximate result of said negligence, Plaintiff, Alexander Lund, was injured, and has endured and will continue to endure, physical and mental pain and suffering; has endured and will continue to endure loss of enjoyment of life; and has

sustained and will continue to sustain hospital, medical, surgical expenses, loss of earning capacity and other expenses. The full nature and extent of all future injuries to the Plaintiff are not now known.

**WHEREFORE**, Plaintiff prays for judgment against the Defendants, and each of them, for special and general damages plus interest, costs, attorneys' fees and expenses as allowed pursuant the applicable law, and for such further relief as the court may deem just and proper under the circumstances.

**REQUEST FOR JURY TRIAL**

Plaintiffs hereby request that trial by jury of the foregoing action should be held in Omaha, Nebraska, and that the case be calendared accordingly.

DATED this 3rd day of May, 2013.

Alexander Lund, Individually,
Plaintiff,

By ______________________

Patrick Cullan #23576
Joseph Cullan #22145
1113 Harney St.
Omaha, NE 68102
(402) 397-7600
ATTORNEYS FOR PLAINTIFF