# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ALEXANDER LUND,<br><br>        Plaintiff,<br><br>vs.<br><br>MICHAEL MATTHEWS, M.D.,<br>SIDNEY MEDICAL ASSOCIATES,<br>and CHEYENNE COUNTY<br>HOSPITAL ASSOCIATION, INC.,<br><br>        Defendants. | 8:13CV144<br><br>ORDER |

    This matter is before the court on the defendants', Michael Matthews, M.D. (Dr. Matthews) and Cheyenne County Hospital Association, Inc. (CCHA), Motion for Determination of Place of Trial (Filing No. 21). The defendants filed a brief (Filing No. 22) and index of evidence (Filing No. 23) in support of the motion. The plaintiff, Alexander Lund (Lund), filed a brief (Filing No. 28) and an affidavit (Filing No. 28-2) in opposition. The defendants did not file a reply brief. Sidney Medical Associates (SMA) has not entered an appearance in this matter.[1]

## BACKGROUND

    This action relates to injuries Lund and his mother, Cathleen Lund, sustained while under Dr. Matthews' medical care at Memorial Health Center (MHC) in Sidney, Cheyenne County, Nebraska, on January 9 and 10, 1994. *See* Filing No. 1 - Complaint. Cathleen Lund was admitted to MHC on January 9, 1994, and gave birth to Lund on January 10, 1994. *Id.* ¶¶ 2, 13. Due to alleged mismanagement of Cathleen Lund's prenatal care and the labor and delivery of Lund by Dr. Matthews and MHC employees, Lund suffered a permanent brachial plexus injury, cervical and spinal injuries, and other birth trauma. *Id.* ¶¶ 15, 17-18.

    On May 3, 2013, Lund filed the instant action requesting a jury trial be held in Omaha, Nebraska. *See* Filing No. 1 - Complaint. On May 13, 2013, the defendants

---

[1] The defendants represent "there is no entity known as or named Sidney Medical Associates." *See* Filing No. 8 - Answer ¶ 10.

filed an answer generally denying the allegations and requesting trial take place in North Platte, Nebraska.  **See** Filing No. 8 - Answer.  On November 20, 2013, the defendants filed the instant Motion for Determination of Place of Trial seeking to move trial to North Platte, Nebraska.  **See** Filing No. 21 - Motion.  Lund is a resident of Pine Bluff, Wyoming.  **See** Filing No. 1 - Complaint ¶ 2.  Dr. Matthews is a resident of and CCHA and SMA are located in Sidney, Nebraska.  *Id.* ¶¶ 4, 6; Filing No. 23-1 - Christensen Aff. ¶¶ 2-3.  Lund's attorneys are based in Omaha, Nebraska.  The defendants' attorney is based in Lincoln, Nebraska.

The defendants argue the only connection this case has to Omaha is Lund's attorneys are from Omaha.  **See** Filing No. 22 - Brief p. 3.  The defendants state none of the twenty-two individuals identified as having knowledge of this case reside in or around Omaha, but fifteen of the individuals reside in or around Sidney, which is 120 miles from North Platte compared to 400 miles from Omaha.  *Id.*  The defendants argue trial in North Platte is convenient for the litigants and witnesses.  *Id.*

Lund argues although individuals identified as having knowledge of this case reside in or around Sidney, such individuals are only potential witnesses as witnesses and experts have not been designated to testify at trial.  **See** Filing No. 28 - Response p. 1-2.  Additionally, Lund argues according to defense counsel, "members of the hospital staff who were present and/or involved in the events giving rise to this litigation have no meaningful recollection of those events."  *Id.* at 2; Filing No. 28-2 - Cullan Aff. ¶ 5.  Lund's counsel represents Lund and his family have no objection to travel to Omaha for trial.  **See** Filing No. 28 - Response p. 2; Filing No. 28-2 - Cullan Aff. ¶ 3.  Lund contends trial in Omaha would be convenient for expert witnesses considering Omaha has an easily accessible airport.  **See** Filing No. 28 - Response p. 2-3.  Lund argues moving trial to North Platte would increase the costs for expert witnesses.  *Id.* at 3.  Lastly, Lund argues the costs of moving the court and court staff to North Platte as well as counsel and their staff weighs in favor of keeping trial in Omaha.  *Id.* at 4.

## ANALYSIS

In deciding the place of trial, "a judge considers the convenience of the litigants, witnesses, and attorneys." NECivR 40.1(b)(1).  Such consideration involves weighing

the interests similar to that performed by a court in consideration of a motion for change of venue pursuant to 28 U.S.C. § 1404(a), which provides for transfers from one district to another or from one division within a district to another.  **See** 28 U.S.C. § 1404(a). Section 1404(a) provides that the convenience of the parties and of witnesses, as well as the interest of justice, must be considered in transferring a case to another district. *Id.*  Under section 1404(a), the convenience of litigants and witnesses are generally considered to be the most critical factors, while the convenience of counsel, though a factor to be considered, is seldom of controlling weight.  **See** *Lyngholm v. FedEx Ground Package Sys., Inc.*, 827 F. Supp. 2d 912 (S.D. Iowa 2011).  The court's local rules contain no provision similar to the provision contained in section 1404(a) regarding consideration of the "interest of justice."  **Compare** 28 U.S.C. § 1404(a) (requiring courts to consider convenience of witnesses and parties along with the "interest of justice"), **with** NECivR 40.1(b)(1) (instructing judges to consider the convenience of the parties, witnesses, and counsel).

The party seeking to change the place of trial within this district bears the burden of establishing the transfer should be granted.  **See** NECivR 40.1(b); **see also** *In re Apple, Inc.*, 602 F.3d 909, 913 (8th Cir. 2010) (movant bears burden under section 1404(a)).  The plaintiff's choice of forum is given great weight and should not be disturbed unless the movant makes a clear showing that the balance of interests weighs in favor of the movant.  **See** *In re Apple, Inc.*, 602 F.3d at 913; **see also** *BASF Corp. v. Symington*, 50 F.3d 555, 557 (8th Cir. 1994).  A transfer should not be granted if the effect is to merely shift the inconvenience from one party to the other.  **See** *DataCard Corp. v. Softek, Inc.*, 645 F. Supp. 2d 722, 732 (D. Minn. 2007) (**citing** *Van Dusen v. Barrack*, 376 U.S. 612, 646 (1964)).

The defendants have carried their burden to show the court should move trial to North Platte.  Sidney is approximately 123 miles, or one hour and fifty minutes, west of North Platte and is approximately 396 miles, or five hours and thirty-six minutes, west of Omaha.  Sixteen of the twenty-two potential witnesses Lund identifies reside in or around Sidney.  Additionally, Dr. Matthews and the hospital staff present during the delivery is issue reside in Sidney.  Holding trial in Omaha would subject witnesses to greater travel expenses and time away from home and work.  For the parties and

potential witnesses, North Platte, at this time, appears to be the most convenient location for trial.  The only connection this matter has to Omaha, other than Lund choosing Omaha as the location for trial, is the fact that Lund's counsel reside in Omaha.  The court recognizes Lund and his family do not object to traveling to Omaha for trial, but the convenience for the remaining potential witnesses outweighs Lund's willingness to travel to Omaha.  Although travel to Omaha might be easier for expert witnesses, as Lund stated, no expert witnesses have been identified.  As trial approaches, should Omaha become a more convenient location for trial based on the designation of witnesses who will testify at trial, either party may file the appropriate motion to move trial.  After reviewing the materials submitted by the parties at this time, the court finds, upon consideration of all factors pursuant to NECivR 40.1(b), the defendants have carried their burden and the place of trial should be North Platte, Nebraska.  Accordingly,

**IT IS ORDERED**:

1. The defendants' Motion for Determination of Place of Trial (Filing No. 21) is granted.

2. The Clerk of the Court shall amend the docket sheet to reflect the place of trial is North Platte, Nebraska.

3. The Final Pretrial Conference remains scheduled for **August 21, 2014, at 10:00 a.m.** in chambers, Suite 2271, Roman L. Hruska United States Courthouse, 111 South 18th Plaza, Omaha, Nebraska.

4. Trial is rescheduled **for October 6, 2014**, in North Platte, Nebraska, before the Honorable Joseph F. Bataillon and a jury.

Dated this 20th day of December, 2013.

BY THE COURT:

s/ Thomas D. Thalken
United States Magistrate Judge

4