IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ALEXANDER LUND,<br><br>                    Plaintiff,<br><br>     vs.<br><br>MICHAEL MATTHEWS, M.D.,<br>SIDNEY MEDICAL ASSOCIATES,<br>and CHEYENNE COUNTY<br>HOSPITAL ASSOCIATION, INC.,<br><br>                    Defendants. | 8:13CV144<br><br>ORDER |

This matter is before the court on the defendants', Michael Matthews, M.D. (Dr. Matthews) and Cheyenne County Hospital Association, Inc. (CCHA), Motion to Compel and for Sanctions (Filing No. 30).  The defendants filed a brief (Filing No. 31) and index of evidence (Filing No. 32) in support of the motion.  The plaintiff, Alexander Lund (Lund), filed a brief (Filing No. 33) in opposition.  The defendants filed a brief (Filing No. 34) and index of evidence (Filing No. 35) in reply.

BACKGROUND

This action relates to injuries Lund sustained while under Dr. Matthews' medical care at Memorial Health Center (MHC) in Sidney, Cheyenne County, Nebraska, on January 9 and 10, 1994.  **See** Filing No. 1 - Complaint.  Cathleen Lund, Lund's mother, was admitted to MHC on January 9, 1994, and gave birth to Lund on January 10, 1994. *Id.* ¶¶ 2, 13.  Due to alleged mismanagement of Cathleen Lund's prenatal care and the labor and delivery of Lund by Dr. Matthews and MHC employees, Lund suffered a permanent brachial plexus injury, cervical and spinal injuries, and other birth trauma. *Id.* ¶¶ 15, 17-18.

On December 12, 2013, defendants' counsel, Mark A. Christensen (Mr. Christensen), scheduled Lund for a deposition.  **See** Filing No. 32-1 - Mr. Christensen Aff. ¶ 2.  Lund was present with his counsel, Patrick J. Cullan (Mr. Cullan). *Id.* After experiencing difficulties deposing Lund, Mr. Christensen terminated the deposition. *Id.*

¶ 3, Filing No. 32-1 - Lund Depo. p. 50-54.  Subsequently, the defendants filed the instant motion to compel and for sanctions.  **See** Filing No. 30 - Motion.

The defendants argue Mr. Cullan violated discovery rules during Lund's deposition by interrupting with an excessive number of baseless objections.  **See** Filing No. 31 - Brief p. 3.  The defendants contend after Mr. Christensen concluded background questions and began asking questions relevant to Lund's lawsuit, Mr. Cullan began offering suggestive speaking objections that shaped Lund's answers in a way to prevent meaningful discovery.  **Id.** at 3-4.  For example, the defendants cite the following exchange during Lund's deposition:

> Q. What made you decide to sue Dr. Matthews?
> Mr. Cullan:  Object to the form, foundation
> A. I don't know, I - -
> Mr. Cullan:  I guess I'll object to the form, foundation of that question, other than the fact that he's been injured by the wrongdoing of Dr. Matthews.
> Q. You still need to answer.
> A. Yeah.  I would say that was pretty spot on.

**See** Filing No. 32-1 - Lund Depo. p. 28:17-15 to 29:1-4.  The defendants assert such a speaking objection is highly inappropriate and merits sanctions.  **See** Filing No. 31 - Brief p. 4.  Thereafter, the defendants argue Mr. Christensen attempted to address three topics without avail due to Mr. Cullan's objections.  **Id.** 4-5.  The topics were:  a statement Cathleen Lund made to Lund, individuals Lund spoke with about filing the lawsuit, and Lund's physical condition.  **Id.**

The defendants contend after Lund "offered a sliver of potentially relevant testimony, stating that his mother told him the nurses 'had her legs pressed up' once problems appeared during his delivery, Mr. Cullan prevented Mr. Christensen from inquiring further into the statement with repeated speaking objections and suggestions to [Lund], which [Lund] eventually took."  **Id.** at 4-5.  The defendants argue the following objections with added commentary were improper and coached Lund:  "That misstates his testimony, but go ahead if you know where the legs were pushed up" (Filing No. 32-1 - Lund Depo. p. 34:21-23); "That's asking for him to speculate" (**Id.** at 33:24-34:1); "He doesn't know what she meant by that" (**Id.** at 35:1-2); "If you recall specifically.  If you don't --" (**Id.** at 35:7-8); "If that's what you recall, that's what you recall.  You obviously

2

can't interpret what she's saying, but to the best of your recollection as you sit here today, or can you not recall with accuracy?" (*Id.* at 36:4-9). The defendants argue Mr. Cullan's improper objections foreclosed Mr. Christensen from learning what Lund knew about Cathleen Lund's statement because Lund took suggestions from Mr. Cullan and stated Lund could not remember the conversation with his mother. **See** Filing No. 31 - Brief p. 5.

The second topic the defendants assert Mr. Cullan prevented Mr. Christensen from addressing was who Lund spoke with about the lawsuit before filing the lawsuit. *Id.* at 5-12. The defendants argue Mr. Christensen sought to identify individuals with knowledge of Lund's lawsuit and did not seek to discover the substance of communications protected by the attorney-client privilege. *Id.* However, the defendants argue, Mr. Cullan's baseless objections effectively frustrated the questioning and guided Lund to answers that precluded a fair examination. *Id.* (**citing** Filing No. 32-1 - Lund Depo. p. 36-40). Additionally, the defendants contend during this line of questioning, Mr. Cullan improperly whispered in Lund's ear and instructed Lund not to answer a question based on an "asked and answered" objection. *Id.* (**citing** Filing No. 32-1 - Lund Depo. p. 38:19 - 42:10).

Lastly, the defendants argue Mr. Cullan's objections prevented Mr. Christensen's attempts to address the third topic: Lund's physical condition. *Id.* at 12-18. The defendants contend Lund took cues from Mr. Cullan's suggestive speaking objections and stated "I don't have a Ph.D." in response to whether or not Lund's neck hurt. *Id.* (**citing** Filing No. 32-1 - Lund Depo. p. 50:6).

The defendants argue the deposition transcript read as a whole shows Mr. Cullan's conduct impeded and frustrated the possibility of a fair deposition. *Id.* at 3. The defendants contend continuing the deposition under such circumstances would have only wasted time and money. *Id.* at 4. Therefore, the defendants seek an order compelling Lund to answer Mr. Christensen's questions at a second deposition and awarding the defendants the reasonable expenses and attorney's fees incurred during Lund's first deposition and making the instant motion. *Id.* at 2. The defendants also move for a protective order regarding Mr. Cullan's conduct. *Id.*

Lund asserts Mr. Cullan properly made objections during the three topics Mr. Christensen addressed.  **See** Filing No. 33 - Response p. 2-8.  Lund recognizes Mr. Cullan's comment during the colloquy why Lund sued Dr. Matthews had the unintentional effect of coaching Lund and apologizes for the comment.  *Id.* at 1.  However, Lund argues Mr. Cullan's subsequent objections were made to protect Lund's legitimate rights and interests and sanctions are unwarranted.  *Id.*  Lund contends telling a client to state what the client knows is not coaching because it does not suggest a particular answer.  *Id.* at 2.  Lund argues Mr. Cullan's objections related to the questioning about Cathleen Lund's legs being pressed up by the nurses during delivery were legitimate because Mr. Christensen misstated Lund's testimony and called for speculation.  *Id.* at 2-8.  Lund contends Mr. Cullan's objections during the questioning on the timing of the lawsuit were proper because Mr. Christensen sought irrelevant and inadmissible testimony.  *Id.*  Regarding Mr. Christensen's questions concerning Lund's neck, Lund argues Mr. Cullan properly asserted objections because Mr. Christensen berated Lund and Lund is not an expert qualified to testify on neck injuries.  *Id.*  Lastly, Lund argues Mr. Christensen engaged in similar conduct during Mr. Cullan's depositions of the defendants' witnesses.  *Id.* at 8-9.

In reply, the defendants reiterate relevance is broadly construed during discovery and Mr. Cullan's objections are improper.  **See** Filing No. 34 - Reply.  Specifically, the defendants argue telling Lund to state what Lund knows is coaching as it instructs him to respond he does not know an answer.  *Id.* at 2.  Additionally, the defendants contend the purpose of Mr. Cullan's objection:  "Objection, form, foundation.  If you know, answer" is to disrupt the flow of the deposition.  *Id.*

## ANALYSIS

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense."  Fed. R. Civ. P. 26(b)(1).  "Broad discovery is an important tool for the litigant, and so '[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.'"  ***WWP, Inc. v. Wounded Warriors Family Support, Inc.***, 628 F.3d 1032, 1039 (8th Cir. 2011) (alteration in original) (**quoting** Fed. R. Civ. P.

26(b)(1)). Accordingly, relevant information includes "any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." **Oppenheimer Fund, Inc. v. Sanders**, 437 U.S. 340, 351 (1978). The "broad scope of discovery applies to depositions[.]" **Pucket v. Hot Springs Sch. Dist. No. 23-2**, 239 F.R.D. 572, 579 (D.S.D. 2006); see also **Credit Lyonnais, S.A. v. SGC Int'l, Inc.**, 160 F.3d 428, 430 (8th Cir. 1998) ("The rules for depositions and discovery 'are to be accorded a broad and liberal treatment.'") (**citing Hickman v. Taylor**, 329 U.S. 495, 507 (1947)).

Federal Rules of Civil Procedure Rule 30(c) governs the conduct of examination by depositions. **See** Fed. R. Civ. P. 30. Specifically, Fed. R. Civ. P. 30(c)(2) provides objections must be made as follows:

> An objection at the time of the examination--whether to evidence, to a party's conduct, to the officer's qualifications, to the manner of taking the deposition, or to any other aspect of the deposition--must be noted on the record, but the examination still proceeds; the testimony is taken subject to any objection. An objection must be stated concisely in a nonargumentative and nonsuggestive manner. A person may instruct a deponent not to answer only when necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3).

**See** Fed. R. Civ. P. 30(c)(2). "A deposition is meant to be a question-and-answer conversation between the deposing lawyer and the witness. There is no proper need for the witness's own lawyer to act as an intermediary, interpreting questions, deciding what questions the witness should answer." **Plaisted v. Geisinger Med. Ctr.**, 210 F.R.D. 527, 534 (M.D. Pa. 2002) (citation omitted). "[I]f a witness is confused about a question, or if the question seems awkward or vague, the witness may ask deposing counsel to clarify the question; securing clarification is not the job of the witness' counsel." **Cordova v. United States**, CIV.05 563 JB/LFG, 2006 WL 4109659, at *2 (D.N.M. July 30, 2006).

Before addressing the propriety of Mr. Cullan's objections, the court will address the parties' relevance dispute. Lund argues the identity of individuals Lund spoke with about the lawsuit is irrelevant. **See** Filing No. 32-1 - Lund Depo p. 37; Filing No. 33 - Response p. 3-4. The court reminds the parties "relevance is a broader inquiry at the

discovery stage than at the trial stage." *In re Gateway Eng'rs, Inc.*, 209-MC-209, 2009 WL 3296625, at *2 (W.D. Pa. Oct. 9, 2009); **see also** *Hofer v. Mack Trucks, Inc.*, 981 F.2d 377, 380 (8th Cir. 1992). Mr. Christensen's questions seeking the identity of individuals Lund spoke with about filing a lawsuit are relevant as it may identify individuals with relevant knowledge of the facts underlying Lund's lawsuit. If a relevance objection arises during a deposition, counsel shall make the objection and the deposition should continue. Lund cannot refrain from answering a question because he or his counsel determine a matter is irrelevant. *In re Stratosphere Corp. Sec. Litig.*, 182 F.R.D. 614, 618 (D. Nev. 1998) ("If irrelevant questions are asked, the proper procedure is to answer the questions, noting them for resolution at pretrial or trial."). Tangentially related to Lund's relevance argument is Lund's assertion the attorney-client privilege protects such information. To clarify, the identity of individuals Lund spoke with is not information protected under the attorney-client privilege. **See** *United States v. Spencer*, 700 F.3d 317, 320 (8th Cir. 2012) ("The attorney-client privilege protects confidential communications between a client and his attorney made for the purpose of facilitating the rendering of legal services to the client."); **see also** *In re Grand Jury Proceedings (85 Misc. 140)*, 791 F.2d 663, 665 (8th Cir. 1986) ("The identity of one's client usually falls outside the scope of the attorney-client privilege.").

Turning to the propriety of Mr. Cullan's objections, the court's review of the deposition transcript as a whole reveals Mr. Cullan's objections "impede[d], delaye[d], and frustrate[d] the fair examination of [Lund]." Mr. Cullan correctly acknowledges his commentary on why Lund chose to sue Dr. Matthews coached Lund's answer and should not have been made. Nevertheless, Mr. Cullan's commentary after making objections continued throughout the deposition and foreclosed any chance of a fair and orderly deposition. Mr. Cullan's objections proceeded beyond what was necessary to give the grounds on which his objections were based.

Mr. Cullan's objections frustrated the defendants from receiving complete answers to three topics: 1) the statement Cathleen Lund made to Lund, 2) the identity of individuals Lund spoke with about filing the lawsuit, and 3) Lund's physical condition. **See** Filing No. 32-1 - Lund Depo. p. 32:14 - 50:6. During Mr. Christensen's questions concerning the statement Cathleen Lund made to Lund, Mr. Cullan's objections,

wherein he attempted to explain Lund's testimony or answer for Lund, effectively led Lund to change his answer and prevent further questioning regarding the statement. **See** Filing No. 32-1 - Lund Depo. p. 32:17-18, 20-23; 33:1-2; 33:23-24 - 34:1-2; 34:24 - 35:1-2; 35:7-8; and 36:4-9 (Mr. Cullan's objections with commentary). If questions are objectionable, Mr. Cullan may make his objection, without any additional commentary, and allow the deposition to continue as required by Fed. R. Civ. P. 30(c)(2). **See** Fed. R. Civ. P. 30(c)(2) ("Any objection . . . must be noted on the record, but the examination still proceeds; the testimony is taken subject to any objection."). As the deposition progressed, Mr. Cullan continued to provide commentary following his objections. **See, e.g.**, Filing No. 32-1 - Lund Depo. p. 37:9-12; 50:2-5. Mr. Cullan also improperly whispered to Lund. **See** *id.* at 38:23-25 ("Mr. Christensen: Please reflect on the record that counsel is whispering in the ear of his client); 39:1-2 ("Mr. Cullan: I -- for the record, I whispered in his ear . . . .").[1] Additionally, as a result of Mr. Cullan's objections, Lund avoided answers to straightforward questions. **See, e.g.,** Filing No. 32-1 - Lund Depo. p. 47:16-21 ("Q. Do you have any problems with your neck?" "Mr. Cullan: Objection to form. To the best of your ability." "A. Do I have any problems with my neck? I don't know."). Further, Mr. Cullan improperly instructed Lund not to answer on the basis of an "asked and answered" objection. **See** *id.* at 41:23 - 42:1.

    Consequently, Mr. Christensen may have the opportunity to question Lund at a second deposition. If Mr. Cullan chooses to object to any question, Mr. Cullan's objection must be succinct and simply state the legal basis for his objection without any additional comments. It is unnecessary to add "to the best of your ability," "if you know," or any other commentary after an objection. From review of the deposition transcript, Lund apparently had no difficulties understanding or communicating in English and was capable of seeking clarification or stating he did not know an answer. Mr. Cullan may not make any comments which might suggest or limit Lund's answer or direct Lund not to answer unless an objection is based on a privilege, to enforce a court order, or to make a Rule 30(d)(3) motion. If Mr. Cullan identifies problems with Lund's responses to

---

[1] Regardless of how loud Mr. Cullan whispered, Mr. Cullan should refrain from consultations with Lund during the deposition and when a question is pending.

7

Mr. Christensen's questions, Mr. Cullan may help Lund clarify the responses by asking questions on cross-examination.

Because the court finds the defendants' motion should be granted and Mr. Christensen should have a second opportunity to depose Lund, an award of expenses and attorney's fees is required under Fed. R. Civ. P. 37.  **See** Fed. R. Civ P. 37(a)(5)(A). Generally, the court would require additional briefing, however, the parties used the briefing of this motion to address the appropriateness of sanctions, thus additional briefing is unnecessary.  The defendants seek reasonable expenses and attorney's fees incurred for Lund's December 12, 2013, deposition and for making the instant motion. **See** Filing No. 30 - Motion.

Fed. R. Civ. P. 37(a)(5)(A) provides:

> If the motion [to compel] is granted--or if the disclosure or requested discovery is provided after the motion was filed-- the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees.  But the court must not order this payment if:
> (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
> (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or
> (iii) other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(a)(5)(A).  With regard to depositions, "[t]he court may impose an appropriate sanction--including the reasonable expenses and attorney's fees incurred by any party--on a person who impedes, delays, or frustrates the fair examination of the deponent."  Fed. R. Civ. P. 30(d)(2).

As explained above, Mr. Cullan's objections prevented elicitation of any meaningful testimony and disrupted the orderly flow of the deposition.  Therefore, the court finds an award of reasonable expenses and attorney's fees incurred by the defendants is an appropriate sanction in this instance.  Accordingly,

**IT IS ORDERED**:

The defendants' Motion to Compel and for Sanctions (Filing No. 30) is granted as follows:

1. The defendants may schedule Lund for a second deposition.
2. During Lund's second deposition, counsel are expected to conduct themselves in accordance with this order.
3. The defendants are awarded reasonable costs and attorney's fees for Lund's December 12, 2013, deposition and for filing the instant motion.
4. Counsel for the parties shall confer on a reasonable amount to be awarded and, if there is agreement, shall file on or before **February 28, 2014**, a stipulation of the costs and fees to be awarded. In the event the parties fail to reach an agreement, the defendants may file on or before **March 7, 2014**, an application for the award of the costs and fees accompanied by an affidavit of such costs and fees, pursuant to Civil Rules of the United States District Court for the District of Nebraska 54.3 and 54.4. The plaintiffs shall have until on or before **March 14, 2014**, to respond to the defendants' application. Thereafter, the issue of costs and sanctions will be deemed submitted and a written order entered.

Dated this 7th day of February, 2014.

            BY THE COURT:

            s/ Thomas D. Thalken
            United States Magistrate Judge