IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| **ALEXANDER LUND,**<br><br>　　　　　　**Plaintiff,**<br><br>　　vs.<br><br>**MICHAEL MATTHEWS, M.D.,**<br>**SIDNEY MEDICAL ASSOCIATES,**<br>**and CHEYENNE COUNTY**<br>**HOSPITAL ASSOCIATION, INC.,**<br><br>　　　　　　**Defendants.** | **8:13CV144**<br><br>**ORDER** |

　　This matter is before the court on the defendants' Motion and Fee Application (Filing No. 44). The defendants' motion is related to the defendants' Motion to Compel and for Sanctions (Filing No. 30), which was granted in a February 7, 2014, Order (Filing No. 37) of the court. The plaintiff filed a brief (Filing No. 46) in opposition to the application for fees. The defendants did not file a reply.

## BACKGROUND

　　This action arises from injuries Alexander Lund (Lund) sustained while under the medical care of Michael Matthews, M.D., (Dr. Matthews) at Memorial Health Center (MHC) in Sidney, Cheyenne County, Nebraska, on January 9 and 10, 1994. **See** Filing No. 1 - Complaint. Cathleen Lund, Lund's mother, was admitted to MHC on January 9, 1994, and gave birth to Lund on January 10, 1994. *Id.* ¶¶ 2, 13. Due to alleged mismanagement of Cathleen Lund's prenatal care and the labor and delivery of Lund by Dr. Matthews and MHC employees, Lund suffered a permanent brachial plexus injury, cervical and spinal injuries, and other birth trauma. *Id.* ¶¶ 15, 17-18.

　　On December 12, 2013, defendants' counsel, Mark A. Christensen (Mr. Christensen), conducted Lund's scheduled deposition. **See** Filing No. 32-1 - Mr. Christensen Aff. ¶ 2. Lund was present with his counsel, Patrick J. Cullan (Mr. Cullan). *Id.* Ultimately Mr. Christensen terminated the deposition based on Lund's and Mr. Cullan's conduct prior to completing the questioning. *Id.* ¶ 3, Filing No. 32-1 - Lund Depo. p. 50-54. Subsequently, the defendants filed a motion to compel and for

sanctions.  **See** Filing No. 30 - Motion.  The defendants filed a brief (Filing No. 31) and reply brief (Filing No. 34), each with an index of evidence (Filing Nos. 32 and 35) in support of the motion to compel.  The defendants argued Mr. Cullan violated discovery rules during Lund's deposition by interrupting with an excessive number of baseless and speaking objections, which shaped Lund's answers and prevented meaningful discovery.  **See** Filing No. 31 - Brief p. 3-4.  The plaintiff filed a brief (Filing No. 33), with an index of evidence attached, in opposition to the motion to compel.  The plaintiff argued the objections were proper and an attempt to protect the plaintiff's legitimate rights and interests, but apologized if any of them had the unintentional effect of coaching answers.  **See** Filing No. 33 - Response p. 1-8.

On February 7, 2014, the court granted the defendants' motion to compel.  The court found Mr. Cullan's conduct foreclosed the opportunity of a fair and orderly deposition by impeding, delaying, and frustrating the deposition examination with improper objections over several topic areas.  Based on the extensive briefing by the parties on the subject of sanctions, the court found the record was complete and awarded the defendants reasonable costs and attorney's fees for Lund's December 12, 2013, deposition and for filing the motion to compel.  **See** Filing No. 37.

The parties were unable to agree on an amount for the award.  On March 20, 2014, the defendants filed the instant application for an award in the amount of $5,124.50, which includes $370 for the cost of the deposition and $4,754.50 for the cost of preparing and filing the motion to compel.  **See** Filing No. 44.  The defendants state this is the amount billed to the client and represents a reasonable award.  *Id.*  Specifically, the defendants provide evidence two attorneys worked on this matter:  a partner spent 2.9 hours at a rate of $185 per hour and an associate spent 29.6 hours at a rate of $155 per hour.  **See** Filing No. 44-1 Christensen Aff. ¶ 7 and Ex. A - Itemization.  The itemization includes descriptions of the work done including, among other work, "research[ing] federal and local rules regarding requirements for appropriate motion form" for 1.8 hours, "prepar[ing] proposed order in accordance with relief requested" for .6 hours, and a combined total for researching law, analyzing arguments, and drafting the motion for 28.2 hours.  **See** Filing No. 44-1 Ex. A - Itemization.

The plaintiff argues the amount sought in the application is excessive and should be significantly reduced, although the plaintiff does not dispute the hourly rates charged by the defendants' counsel are reasonable. **See** Filing No. 46. Prior to the defendants' filing the application, the plaintiff had suggested an award equal to three times the cost of the deposition. **See** Filing No. 44-1 Christensen Aff. ¶ 8.

## ANALYSIS

The court finds the amount sought in the defendants application is not entirely reasonable. As noted above, the defendants were required to attend the plaintiff's ineffective deposition and file the motion to compel. The court determined the defendants' motion meritorious. The motion raised legal and factual issues which required some research. The court has reviewed the affidavit and billing records filed in support of the defendants' motion and finds the amounts are not entirely reasonable under the circumstances. Given the legal and factual simplicity of the briefing in this matter, the amount of time will be reduced. The court finds sanctions in the amount of $2,939, for time spent during the first deposition and preparing the motion to compel, is appropriate. **See** Fed. R. Civ. P. 37(a)(5)(A); **see also** Fed. R. Civ. P. 11(c)(4). This monetary sanction will be assessed against the plaintiff and his attorney, Patrick J. Cullan. Accordingly, the defendants' application will be granted in the amount of $2,939. Upon consideration,

**IT IS ORDERED**:

1. The defendants' Motion and Fee Application (Filing No. 44) is granted to award the defendants reasonable costs and attorney's fees in the amount of $2,939, for Lund's first deposition and for having to file the Motion to Compel (Filing No. 30).

2. The plaintiff and his attorney, Patrick J. Cullan, shall have forty-five days from the date of this Order to pay the defendants the sum of $2,939, and file verification of payment with the court.

Dated this 1st day of May, 2014.

BY THE COURT:
 s/ Thomas D. Thalken
United States Magistrate Judge